**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RYAN O'DELL, | : |
| | : |
| Plaintiff, | : Civil Action No. 1:22-cv-06425 |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(a) AND 20(a) OF THE** |
| DUKE REALTY CORPORATION, JAMES | : **SECURITIES EXCHANGE ACT OF** |
| B. CONNOR, DAVID P. STOCKERT, | : **1934** |
| SCOTT P. ANDERSON, JOHN P. CASE, | : |
| TAMARA D. FISCHER, NORMAN K. | : **JURY TRIAL DEMANDED** |
| JENKINS, KELLY T. KILLINGSWORTH, | : |
| MELANIE R. SABELHAUS, PETER M. | : |
| SCOTT, III, CHRIS T. SULTEMEIER, | : |
| WARREN M. THOMPSON, and LYNN C. | : |
| THURBER, | : |
| | : |
| Defendants. | : |

---

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.  This is an action brought by Plaintiff against Duke Realty Corporation ("Duke Realty" or the "Company") and the members of Duke Realty's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Duke Realty and Prologis, Inc. ("Prologis").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on July 18, 2022 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby (i) Duke Realty will merge with and into Compton Merger Sub LLC (referred to as "Merger Sub"), a wholly owned subsidiary of Prologis, with Merger Sub continuing as the surviving entity; (ii) a contribution of all outstanding equity interests of Merger Sub to Prologis, L.P. (referred to as "Prologis OP") will be made in exchange for newly issued Prologis OP common units to Prologis and/or its subsidiaries as directed by Prologis; and (iii) Compton Merger Sub OP LLC ("Prologis OP Merger Sub"), a wholly owned subsidiary of Prologis OP, will merge with and into Duke Realty Limited Partnership (referred to as "Duke Realty OP"), with Duke Realty OP surviving the merger as a wholly owned subsidiary of Prologis OP (collectively, the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on June 11, 2022 (the "Merger Agreement"), each common partnership interest of Duke Realty OP, or the "Duke Realty OP common units," will be converted into 0.475 of a newly issued common limited partnership interest of Prologis OP (the "Merger Consideration"). Following the consummation of the Proposed Transaction, Company shareholders will own 20% of Prologis common stock outstanding and Prologis shareholders will own 80% of Prologis common stock.

3. As discussed below, Defendants have asked Duke Realty's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a)

of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley") in support of their fairness opinion.

4.  It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Duke Realty's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction), as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.  Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.  Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company's stock trades on the New York Stock Exchange, headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, an owner of shares of Duke Realty stock and has held such shares since prior to the wrongs complained of herein.

10. Individual Defendant James B. Connor has served as a member of the Board since 2015 and is the Chairman of the Board and Chief Executive Officer of the Company.

11. Individual Defendant David P. Stockert has served as a member of the Board since 2017 and is the Lead Director.

12. Individual Defendant Scott P. Anderson has served as a member of the Board since June 2022.

13. Individual Defendant John P. Case has served as a member of the Board since 2018.

14. Individual Defendant Tamara D. Fischer has served as a member of the Board since 2020.

15. Individual Defendant Norman K. Jenkins has served as a member of the Board since 2017.

16. Individual Defendant Kelly T. Killingsworth has served as a member of the Board since 2021.

17. Individual Defendant Melanie R. Sabelhaus has served as a member of the Board since 2012.

18. Individual Defendant Peter M. Scott, III has served as a member of the Board since 2011.

19. Individual Defendant Chris T. Sultemeier has served as a member of the Board since 2018.

20. Individual Defendant Warren M. Thompson has served as a member of the Board since 2019.

21. Individual Defendant Lynn C. Thurber has served as a member of the Board since 2008.

22. Defendant Duke Realty is an Indiana corporation and maintains its principal offices at 8711 River Crossing Boulevard, Indianapolis, Indiana 46240. The Company's stock trades on the New York Stock Exchange under the symbol "DRE."

23. The defendants identified in paragraphs 10-21 are collectively referred to as the "Individual Defendants" or the "Board."

24. The defendants identified in paragraphs 10-22 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A.    The Proposed Transaction**

25. Duke Realty owns and operates approximately 159 million rentable square feet of industrial assets in 20 major logistics markets. Duke Realty primarily owns industrial warehouses used for distribution. Many of its properties are used by e-commerce retailers. It also owned medical offices and other offices, but it has sold almost all of these properties. It owns properties throughout the United States, with a concentration in the Midwest and the South. As of 2016, the three largest markets by square feet were Indianapolis, Chicago, and Atlanta, with 12.5%, 10.7%, and 9.5% of total square feet, respectively. Founded in 1972, Duke Realty is headquartered in Indianapolis, Indiana.

26. On June 13, 2022, the Company and Prologis jointly announced the Proposed Transaction:

> SAN FRANCISCO and INDIANAPOLIS, June 13, 2022 /PRNewswire/ -- Prologis, Inc. (NYSE: PLD) and Duke Realty Corporation (NYSE: DRE) today announced that the two companies have entered into a definitive merger agreement by which Prologis will acquire Duke Realty in an all-stock transaction,

valued at approximately $26 billion, including the assumption of debt. The respective board of directors for Prologis and Duke Realty have unanimously approved the transaction.

"We have admired the disciplined repositioning strategy the Duke Realty team has completed over the last decade," said Prologis Co-founder, CEO and Chairman Hamid R. Moghadam. "They have built an exceptional portfolio in the U.S. located in geographies we believe will outperform in the future. That will be fueled by Prologis' proven track record as a value creator in the logistics space. We have a diverse model that allows us to deliver even more value to customers."

With the transaction, Prologis is gaining high-quality properties for its portfolio in key geographies, including Southern California, New Jersey, South Florida, Chicago, Dallas and Atlanta.

The acquisition on an owned and managed basis comprises:

- 153 million square feet of operating properties in 19 major U.S. logistics geographies.
- 11 million square feet of development in progress - about $1.6 billion in total expected investment.
- 1,228 acres of land owned and under option with a build-out of approximately 21 million square feet.

Prologis plans to hold approximately 94% of the Duke Realty assets and exit one market.

"This transaction is a testament to Duke Realty's world-class portfolio of industrial properties, long-proven success and sustainable value creation we've delivered over the years," said Duke Realty Chairman and CEO Jim Connor. "We have always respected Prologis, and after a deliberate and comprehensive evaluation of the transaction and the improved offer, we are excited to bring together our two complementary businesses. Together, we will be able to accelerate the potential of our business and better serve tenants and partners. We are confident that this transaction – including the meaningful opportunity it provides for shareholders to participate in the growth and upside from the combined portfolio — is in the best long-term interest of Duke Realty shareholders."

> The transaction is anticipated to create immediate accretion of approximately $310-370 million from corporate general and administrative cost savings and operating leverage as well as mark-to-market adjustments on leases and debt. In year one, the transaction is expected to increase annual core funds from operations* (Core FFO), excluding promotes per share by $0.20-0.25. On a Core AFFO basis, excluding promotes, the deal is expected to be earnings neutral in year one.
>
> Further, future synergies have the potential to generate approximately $375-400 million in annual earnings and value creation, including $70-90 million from incremental property cash flow and Essentials income, $5-10 million in cost of capital savings and $300 million in incremental development value creation.
>
> "This transaction increases the strength, size and diversification of our balance sheet while expanding the opportunity for Prologis to apply innovation to drive long-term growth," said Tim Arndt, Prologis' chief financial officer. "In addition to generating significant synergies, the combination of these portfolios will help us deliver more services to our customers and drive incremental long-term earnings growth."
>
> Under the terms of the agreement, Duke Realty shareholders will receive 0.475x of a Prologis share for each Duke Realty share they own. The transaction, which is currently expected to close in the fourth quarter of 2022, is subject to the approval of Prologis and Duke Realty shareholders and other customary closing conditions.
>
> Goldman Sachs Group, Inc. and Citigroup are serving as financial advisors and Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Prologis. Morgan Stanley & Co. LLC is serving as the lead financial advisor and Hogan Lovells US LLP is serving as legal advisor to Duke Realty. J.P. Morgan Securities LLC and Alston & Bird LLP are also serving as financial and legal advisors, respectively, to Duke Realty.

\* \* \*

27.    The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that Duke Realty's stockholders are provided with the material information that has

been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.     The Materially Incomplete and Misleading Registration Statement**

28.     On July 18, 2022, Duke Realty and Prologis jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

29.     The Registration Statement fails to provide material information concerning financial projections by management and relied upon by the financial advisors in their analyses. The Registration Statement discloses management-prepared or management-approved financial projections for the Company and Prologis which are materially misleading. The Registration Statement indicates that in connection with the rendering of their fairness opinion, the management of Prologis and Duke Realty prepared certain non-public financial forecasts (the "Prologis Projections" and "Company Projections") and provided them to the Board and the financial advisors to aid them in forming a view about the stand-alone and pro forma valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that management provided to the Board and the financial advisors. Courts have

8

uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-03 (Del. Ch. 2007).

30. For the Prologis Projections by Prologis management, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2022 through 2026: (i) AFFO, Excluding Gains and Promotes; (ii) AFFO, Excluding Gains and Promotes/Share; and (iii) Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and, consequently, Section 14(a).

31. For the Company Projections by Prologis management, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2022 through 2026: (i) AFFO, Excluding Gains and Promotes; (ii) AFFO, Excluding Gains and Promotes/Share; and (iii) Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and, consequently, Section 14(a).

32. For the *Combined Company on a Pro Forma Basis Giving Effect to the Mergers* projections by Prologis management, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2022 through 2026: (i) AFFO, Excluding Gains and Promotes; (ii) AFFO, Excluding Gains and Promotes/Share; and (iii) Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and, consequently, Section 14(a).

33.  For the Company Projections by Duke Realty management, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2022 through 2026: EBITDA, Core FFO, AFFO, Core FFO per share, and AFFO per share, but fails to provide line items used to calculate these metrics or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and, consequently, Section 14(a).

34.  When a company discloses non-GAAP financial measures in a Registration Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

35.  The SEC has noted that:

> [C]ompanies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.

36.  Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration

Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Registration Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for Duke Realty*

37. With respect to Morgan Stanley's *Comparable Public Company Analysis*, the Registration Statement fails to disclose the metrics and multiples of the selected comparable companies selected by Morgan Stanley for the analysis.

38. With respect to Morgan Stanley's *Dividend Discount Analysis*, the Registration Statement fails to disclose: (i) the range of implied terminal values of the Company; (ii) the inputs and assumptions underlying the range of illustrative perpetuity growth rates ranging from 2.0% to 3.0%; (iii) the inputs and assumptions underlying the discount rates ranging from 7.3% to 9.3% for Duke Realty and 7.1% to 9.1% for Prologis; (iv) the Company's weighted average cost of capital; (v) the amount of fully diluted number of shares of Company common stock; and (vi) the total debt and Duke Realty's cash and cash equivalents of the Company as of April 29, 2022.

39. With respect to Morgan Stanley's *Premiums Paid Analysis*, the Registration Statement fails to disclose the premiums paid for each target company in the transactions selected.

40. With respect to Morgan Stanley's *Wall Street Research Analyst Price Targets and NAV Targets* analysis, the Registration Statement fails to disclose the Wall Street research analysts observed and the corresponding price targets and NAV targets for Duke Realty and Prologis.

41. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed

decision regarding whether to vote in favor of the Proposed Transaction, and he is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

42. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

44. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

45. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were

misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

46. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

47. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

### On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

48. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Duke Realty within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Duke Realty, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the

Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of Duke Realty, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Duke Realty, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

52. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

55. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 28, 2022

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Benjamin Y. Kaufman*
Benjamin Y. Kaufman
Rourke C. Donahue
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Fax: (212) 686-0114
kaufman@whafh.com
donahue@whafh.com

*Attorneys for Plaintiff*